George Stocks, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Richardson Graphics Company, Respondents.

194

Argued October 3, 1979, before Judges ROGERS, DI-SALLE and CRAIG, sitting as a panel of three.

*Joseph Lurie*, with him, of counsel, *Galfand, Berger, Senesky, Lurie & March*, for petitioner.

*John E. Smith*, with him *David L. Pennington*, and *Harvey, Pennington, Herting & Renneisen Ltd.*, for respondents.

OPINION BY JUDGE ROGERS, November 5, 1979:

George Stocks has appealed from a decision of the Workmen's Compensation Appeal Board affirming a referee's decision awarding appropriate benefits for only partial disability. He says that benefits for total disability should have been awarded.

Stocks suffered several work-related injuries in the course of his employment for the Imperial Metal & Chemical Company and its successor, the Richardson Graphics Company. As a result of these injuries, he received benefits for several periods of total and partial disability down to June 18, 1973.

On April 1, 1974, Stocks injured his neck and shoulder while reaching overhead to service a machine on his employer's premises. He filed a claim petition alleging total disability as a result of this latest injury and this petition was consolidated with two earlier filed claim and reinstatement petitions, alleging additional new and recurring periods of past disability. A referee conducted hearings and awarded appropriate total and partial disability benefits on the two earlier petitions. With regard to the claim arising out of the April 1, 1974 injury, the referee found that Mr. Stocks was totally disabled by "neck symptomatology" from the date of the injury through September 20, 1976 but only partially disabled thereafter because as of the Fall of 1976 lower paying jobs were available within his educational, vocational and physical limitations. The referee accordingly awarded total disability benefits of $106.00 per week from April 1, 1973 through September 20, 1976 and partial benefits of $43.67 per week thereafter. The Board affirmed the referee's decision and Mr. Stocks appeals only that part of the Board's decision affirming the award of partial benefits after September 20, 1976. We affirm.

Stocks first says that the referee's finding that jobs were available within his educational, vocational and physical limitations as of the Fall of 1976 was not supported by the evidence. We disagree. The referee based his finding of fact on the testimony of Robert Wolf, the executive director of a large vocational rehabilitation training center in southern New Jersey and an expert in the job placement of handicapped people in the Philadelphia area labor market. Wolf testified that Stocks was capable of performing light and sedentary types of work. He based his opinion on the deposition and records of Stocks' expert medical witness, Dr. Charles D. Tourtellotte as to Stocks' physical condition and on Stocks' own testimony con-

cerning his educational and vocational background. The vocational expert further testified that light and sedentary jobs were available in the Philadelphia area as of the Fall of 1976 and he described more than ten specific job openings in these categories during that time. A medical witness adduced by the employer testified that Stocks could do light work.[1] This evidence was clearly sufficient to support the referee's finding.

Stocks next says that the Board and the referee erred in reducing his benefits from total to partial because there was no finding that he was actually capable of performing the work which was said to be available in the Philadelphia area. The referee found that the work in question was *"within the educational, vocational, and physical limitations of the claimant."* (Emphasis added.) He could hardly have made a clearer finding that Stocks was capable of performing the work.

### ORDER

AND Now, this 5th day of November, 1979, judgment is entered in favor of George Stocks and against Richardson Graphics Company, and Richardson Graphics Company is hereby ordered to pay George Stocks $106.00 per week beginning April 1, 1974 up to and including September 20, 1976, and $43.67 per week beginning September 21, 1976 and continuing indefinitely as limited by Section 306(b) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §512, with 20% of the award to go to Roland J. Artigues as attorney's fees.

---

[1] Stocks' argument that because the referee failed to mention this witness's testimony, he rejected it, is without merit. So also, is his argument that the referee misunderstood Dr. Tourtellotte's testimony. Dr. Tourtellotte's testimony as a whole was to the effect that Stocks was incapacitated for heavy manual work such as he had previously done and that he should limit stressful activity.